NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-487
25-P-488

M.C.

vs.

A.Q. (and a companion case[1]).

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, A.Q., appeals from the extension of abuse prevention orders issued in favor of the plaintiffs, M.C. and M.C. as guardian of A.T. -- the defendant's ex-spouse and son, respectively -- following a two-party hearing in the District Court.[2] See G. L. c. 209A. He argues on appeal that the judge erred in not recusing herself, the judge abused her discretion in several evidentiary rulings, and the judge erred in extending

_____

[1] M.C., guardian, vs. A.Q.

[2] Although M.C.'s and A.T.'s cases were not formally consolidated, the hearing judge paired M.C.'s order with A.T.'s order. A.Q. does not argue that these cases should not be treated together.

the orders for the duration of one year.  We affirm the orders dated January 17, 2025.

1.  Recusal.  A.Q. argues that because the judge presided over cases where M.C. participated as a Spanish interpreter, the judge should have recused herself.  However, he did not move for recusal or object to the judge presiding over these matters.  In this posture, the issue is waived.[3]  See Century Fire & Marine Ins. Corp. v. Bank of New England-Bristol County, N.A., 405 Mass. 420, 421 n.2 (1989) ("An issue not raised or argued below may not be argued for the first time on appeal").

2.  Evidentiary matters.  Next, A.Q. argues that the judge abused her discretion by mishandling trial evidence, improperly considering evidence that was four decades old, disregarding evidence favorable to A.Q., and permitting the introduction of documentary evidence not previously produced to A.Q.  We disagree.

We review evidentiary rulings of a trial judge for an abuse of discretion.  See Laramie v. Philip Morris USA Inc., 488 Mass. 399, 413 (2021).  Traditional evidentiary rules are relaxed in

---

[3] Contrary to A.Q.'s claims, we do not review for a substantial risk of a miscarriage of justice.  That standard is generally only applicable in criminal and sexually dangerous person cases.  See Commonwealth v. Freeman, 352 Mass. 556, 563-564 (1967).  See also Mass. G. Evid. § 103(e) (2026).  A.Q. did not provide any authority, nor are we familiar with any, that imports this standard into abuse prevention order cases.

hearings on abuse prevention orders.  See F.A.P. v. J.E.S., 87 Mass. App. Ct. 595, 602 (2015).  Particularly, the rules of evidence need not be followed, provided that there is fairness in what evidence is admitted and relied on.  Frizado v. Frizado, 420 Mass. 592, 597-598 (1995).  See Mass. G. Evid. § 1106 (2026) ("In all civil proceedings under G. L. c. 209A . . ., the law of evidence should be applied flexibly by taking into consideration the personal and emotional nature of the issues involved, whether one or both of the parties are self-represented, and the need for fairness to all parties").

As a preliminary matter, several of the evidentiary rulings A.Q. challenges were not preserved as issues for appeal.[4]  Accordingly, we treat these arguments as waived.  See Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006).  In addition, several rulings were objected to on different grounds than raised on appeal.  These arguments are also waived.  See Conway v. Planet Fitness Holdings, LLC, 101 Mass. App. Ct. 89, 101

_____

[4] With specific note to the entry of the patient progress observation record in evidence, A.Q. did make an initial objection to its admittance.  The judge sustained that objection and directed the plaintiffs' counsel to lay a foundation.  After a foundation was laid, the plaintiffs' counsel moved to enter the observation record in evidence, without objection by A.Q., and the judge allowed it.  Under these circumstances, the claim is not preserved.  See generally Commonwealth v. Clary, 388 Mass. 583, 594 n.3 (1983) (to preserve issue, defense counsel should have renewed objection after judge's charge to jury omitted proper corrective language).

3

(2022).  Furthermore, to the extent A.Q. challenges the credibility determinations of the judge and the weight afforded to certain pieces of evidence, we discern no error.  "[T]he judge, who has a firsthand view of the presentation of evidence, is in the best position to judge the weight and credibility of evidence" (quotation and citation omitted).  Demoulas v. Demoulas Super Mkts., Inc., 424 Mass. 501, 509-510 (1997).

Regarding the remaining challenged evidentiary rulings, we disagree with A.Q.'s contention that the judge abused her discretion and that several rulings, allowing documents in evidence not produced before the hearing, amounted to "trial by ambush."  As stated above, strict adherence to the rules of evidence is not required in hearings on abuse prevention orders.  Likewise, there is also no requirement in these hearings for exhibits to be submitted to the opposing party prior to the hearing date.  See Guidelines for Judicial Practice:  Abuse Prevention Proceedings (Oct. 2025).  When during the hearing defense counsel raised the issue that she was receiving exhibits for the first time, the judge ordered the plaintiffs' counsel to hand over the remaining exhibits.  Shortly thereafter, she took a recess, allowing defense counsel "a chance to look at [the] exhibits" before cross-examining M.C.  See Frizado, 420 Mass. at 597 (in civil cases, "[a] defendant or his counsel should be given adequate opportunity to consider any affidavit filed in

4

the proceeding on which the judge intends to rely before being required to elect whether to cross-examine the complainant or any other witness").  The court recessed three times during the proceedings, two of which occurred before A.Q. testified; and all of A.Q.'s objections to evidence not previously turned over occurred prior to the first recess, allowing defense counsel the opportunity to review those documents during the recesses.  Upon full review, we are confident that the judge allowed A.Q. to present evidence and provided him a "meaningful opportunity to challenge the [plaintiffs'] evidence," which is all that is ultimately required.  F.A.P., 87 Mass. App. Ct. at 601, quoting C.O. v. M.M., 442 Mass. 648, 657 (2004).  See Frizado, supra at 598 ("The legislature devised a procedure in G. L. c. 209A that is intended to be expeditious and as comfortable as it reasonably can be for a lay person to pursue.  Judges often deal with large numbers of these emotional matters in busy court sessions.  The process must be a practical one").  See also Flynn v. Warner, 421 Mass. 1002 (1995) (no prejudice to defendant in G. L. c. 209A hearing for not receiving plaintiff's affidavit prior because the judge permitted defendant to read affidavit on request).[5]

---

[5] A.Q.'s reliance on Idris I. v. Hazel H., 100 Mass. App. Ct. 784 (2022), is misplaced.  There, a defendant was not afforded a meaningful opportunity to be heard because the judge did not permit the defendant to testify, the judge interrupted

A.Q. also alludes to judicial bias against him, evidenced largely by adverse evidentiary rulings, unobjected-to testimony from witnesses, and statements by the judge.[6] Upon review, we discern no error. "The mere fact that a party suffers adverse rulings during litigation does not establish lack of judicial impartiality." Clark v. Clark, 47 Mass. App. Ct. 737, 739 (1999).

3. Fear of imminent physical harm.[7] A.Q. further contends that the judge erred in finding that M.C. and A.T. are in fear of imminent serious physical harm, and therefore the extension of the abuse prevention orders was error. Again, we disagree.

"We review the extension of a c. 209A order for an abuse of discretion or other error of law" (quotation and citation omitted). Latoya L. v. Kai K., 104 Mass. App. Ct. 173, 177 (2024). An abuse of discretion occurs "where we conclude the judge made a clear error of judgment in weighing the factors

---

defense counsel's cross-examination of the plaintiff without justification, and the judge relied on evidence the defendant did not see. Id. at 788-790. Here, A.Q. did testify; the judge did not improperly limit defense counsel's cross-examination of M.C.; and the judge did not base her decision on documents A.Q. did not see.

[6] One of the incidents A.Q. notes is when the judge aided the plaintiffs' counsel in stating an objection. However, there was no prejudice to A.Q. where the judge overruled the objection.

[7] Given our resolution of this case on alternative grounds, we do not address the issue of coercive control.

6

relevant to the decision such that the decision falls outside the range of reasonable alternatives."  Luppold v. Hanlon, 495 Mass. 148, 154-155 (2025), quoting L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).  Also, as stated above, we give credibility determinations by the judge, who observed the parties' demeanors, the utmost deference.  See Noelle N. v. Frasier F., 97 Mass. App. Ct. 660, 664 (2020).  "[W]e will not substitute our judgment for that of the trier of fact.  We do, however, scrutinize without deference the propriety of the legal criteria employed by the trial judge and the manner in which those criteria were applied to the facts" (citation omitted). Latoya L., supra.

A plaintiff who seeks an abuse prevention order under G. L. c. 209A -- whether the initial, ex parte order or its extension -- must prove by a preponderance of the evidence that they are experiencing abuse.  See Frizado, 420 Mass. at 597.  Relevant to this instant case, "abuse" is defined as "placing another in fear of imminent serious physical harm."  G. L. c. 209A, § 1. Such fear of imminent serious physical harm must be reasonable, and the plaintiff must also show that the fear is current.  See Iamele v. Asselin, 444 Mass. 734, 737 (2005).  "In evaluating whether a plaintiff has met her burden, a judge must consider the totality of the circumstances of the parties' relationship." Id. at 740.  Such factors "the judge should consider include,

7

but are not limited to:  the defendant's violations of protective orders, ongoing child custody or other litigation that engenders or is likely to engender hostility, the parties' demeanor in court, [and] the likelihood that the parties will encounter one another in the course of their usual activities."  Id.  No one factor is likely to be determinative.  Id.

M.C. testified to past physical abuse by A.Q. against both plaintiffs.  The judge credited such testimony and found there to be a history of abuse as to both plaintiffs.  In addition, included amongst the evidence was M.C.'s affidavit, dated November 18, 2024, where she asserted that A.Q. stated in the past that "he'd rather see [A.T.] dead than [with M.C.]."  A.Q. also "has said that he was not in a hurry but one day [M.C.] would look in the mirror and not reco[g]nize [her]self because [her] face would have been cut up in ribbons."  The judge was entitled to credit this affidavit and find that A.Q. made a continuing, long-term threat toward the plaintiffs, creating in them a reasonable fear of imminent serious physical harm.  See G. L. c. 209A, § 3 ("The fact that abuse has not occurred during the pendency of an order shall not, in itself, constitute sufficient ground for denying or failing to extend the order").  Contrast Diaz v. Gomez, 82 Mass. App. Ct. 55, 62 (2012) (sufficient evidence of reasonable fear of imminent physical harm in part because defendant previously threatened to kill

8

plaintiff if she left him), with Carroll v. Kartell, 56 Mass. App. Ct. 83, 86 (2002) (extension of 209A order on theory of imminent serious physical harm vacated where there was no evidence defendant ever threatened plaintiff with physical harm), and Smith v. Jones, 75 Mass. App. Ct. 540, 544-546 (2009) (permanent abuse prevention order vacated where previous improper behavior of defendant was directly tied to his breakup with plaintiff four years prior). In addition, there was evidence before the judge that A.Q., just a few weeks prior to the plaintiffs' filing applications for these restraining orders, filed a petition in the Probate and Family Court to remove plaintiff M.C. as legal guardian of plaintiff A.T. When asked if she "got this restraining order because [A.Q.] filed a petition with the probate court regarding the guardianship," M.C. answered "[i]t's not the filing of the petition in itself. It's the beginning of a new cycle of harassment." The judge was allowed to credit this testimony and consider this litigation as likely to engender hostility between the parties. See Iamele, 444 Mass. at 740.

On this record, we cannot conclude that the judge, who was in the best position to weigh the evidence and assess the parties' credibility, abused her discretion in finding that the plaintiffs were, currently, in reasonable fear of imminent physical harm from A.Q., and in extending both abuse prevention

9

orders.  See Demoulas, 424 Mass. at 509-510 (credibility determinations generally not disturbed on appeal).  With specific regard to A.T.'s order, we recognize that "parents have a fundamental interest in their relationships with their children."  Opinion of the Justices, 427 Mass. 1201, 1203 (1998).  However, that right is not absolute, and yields to M.C.'s authority as A.T.'s legal guardian.  See G. L. c. 190B, § 5-309 (a).[8]

> Orders dated January 17, 2025, extending abuse prevention orders, affirmed.
>
> By the Court (Meade, Sacks & Wood, JJ.[9]),
>
> Paul Little
>
> Clerk

Entered:  July 14, 2026.

---

[8] The plaintiffs' request for attorney's fees is denied. A.Q.'s request for attorney's fees is also denied.

[9] The panelists are listed in order of seniority.

10